IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 24, 2005

## ADOLPH M. GROVES, JR. v. SANDRA ROREX GROVES

**Appeal from the Circuit Court for Davidson County**
**No. 94D-3028       Muriel Robinson, Judge**

---

### No. M2004-01391-COA-R3-CV - Filed February 2, 2006

---

This appeal arises from the last of many petitions and counter-petitions by both parties to change custody of the parties' only child, to modify child support, to acquire arrearage judgments for non-paid child support, and for contempt of court. The order from which this appeal arose awarded custody of the child to the mother and dismissed the father's petition for contempt. Prior to this order, custody had been awarded to the father; however, he had not provided financial support for the child, and the child had not lived with him since the entry of the order awarding him custody. The dismissal of the father's petition was based upon the trial court's finding the father had failed to comply with the previous order he was seeking to enforce. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

D. Scott Parsley and Joshua G. Strickland, Nashville, Tennessee, for the appellant, Adolph M. Groves, Jr.

Sandra Rorex Groves, Nashville, Tennessee, Pro Se.

# MEMORANDUM OPINION[1]

The marriage of Adolph M. Groves Jr. and Sandra Rorex Groves produced one child, Kimberly, born May 27, 1986. The Final Decree of Divorce was entered on February 5, 1996, at which time the parties were awarded joint custody with primary custody going to the mother and the father receiving standard visitation.

Many court hearings ensued during the next eight years, which were necessitated by a number of petitions and counter-petitions for change of custody, modification of child support, and contempt. The matters at issue emanate from the last of those hearings, which occurred on May 13, 2004. The matters at issue were set in play by the father's petition seeking an arrearage judgment for child support. The mother answered the father's petition denying that he was entitled to any relief because he had failed to support the child and that the child had not lived with him since he had been awarded custody. The mother also filed a counter-petition seeking yet another change of custody although the child would be emancipated two weeks following the hearing at issue.

Although there is no transcript of the evidence, because no court reporter attended the hearing at issue, we have the benefit of a Tenn. R. App. P. 24(f) Statement of the Evidence approved by the trial court. Having reviewed the evidence, we find it significant, as did the trial court, that the father is seeking relief from the court although he had failed to comply with the court order he seeks to enforce. This is because the child had not lived with him since the entry of the order awarding him custody and he had otherwise failed to provide financial support for the child. The evidence was undisputed that the child had not been supported by or living with the father with the exception of spending one night at his home, and that the child had been supported by and living with the mother every night save that one evening since the prior order.

The father obtained an arrearage judgment for child support against the mother on August 29, 2003. The trial court acknowledged at the most recent hearing that the father could enforce the arrearage judgment. The trial court, however, declined to award the father additional relief, which included a prayer for contempt, due to his failure to comply with the previous orders of the trial court.

Father contends on appeal that the trial court erred by denying him additional relief. We find no error with the trial court's decision to dismiss the father's petition due to his total failure to abide by the trial court's order he seeks to enforce.

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against the father, Adolph M. Groves, Jr.

_____
FRANK G. CLEMENT, JR., JUDGE